## SINIARD v. SINIARD.

1. The testimony of the witness set out in the first division of the opinion was relevant, and the court erred in excluding it.
2. In determining the ability of a husband to pay alimony it is competent to inquire into the value of his property. Where the defendant while being examined as a witness gives his opinion as to the market value of his property, it is competent on cross-examination to ask him if he would take a stated sum larger than that which he has testified in his opinion to be its fair market value. Such evidence is not competent for the purpose of proving value, but on cross-examination it is competent to ask such a question as affecting the credit to be given the opinion evidence of the witness. (Evans, P. J., and Hill, J., dissent from this note.)

JULY 14, 1916.

Libel for divorce. Before Judge Patterson. Cobb superior court. March 12, 1915.

*J. E. Mozley* and *H. B. Moss,* for plaintiff in error.
*Charles H. Griffin,* contra.

ATKINSON, J. A wife sued for divorce on the ground of willful and continued desertion for the term of three years. She alleged that her husband abandoned her and the child of the marriage in February, 1909. The suit was filed on March 14, 1912.

1. On the trial the plaintiff testified that her husband's mind became affected, and that he was so violent that he was brought by her father to Marietta, since which time she had lived with her father. It further appeared that he was carried to the asylum, and there remained until some time in February, 1909, since which time he has lived in the county of the wife's residence or in an adjoining county. The brother of the defendant offered to testify that his brother was not discharged from the asylum, but that the doctor in charge agreed with witness to parole the defendant in his care, and to allow him to bring his brother home, provided he would not let him go to the home of his wife's father, who had instituted the lunacy proceedings, for the period of ninety days. The court rejected this testimony. The suit was brought within a month after the lapse of the necessary period which would authorize a divorce on the ground of desertion. In order that a spouse may be divorced on the ground of desertion for three years, it must appear that the desertion was not only continued but willful. It was competent, as explaining the conduct of the defendant in not resuming connubial relations with his wife, to show that he was detained by his brother as a condition of his parole from the asylum. If the husband was in the custody of his brother, and remained with him, in order to carry out the compact of his brother with the doctor that he should not let him go to the house of his father-in-law, where his wife was staying, it could not be said that during this period of time he willfully deserted his wife. Hence this evidence was relevant upon the question whether during the period of the ninety days there was any willful desertion by the husband of the wife. It will require a part of this ninety days in order to complete the statutory period of three years, to entitle the plaintiff to a divorce on the ground of willful and continued desertion. The court therefore erred in repelling the testimony.

2. The second headnote needs no elaboration.

*Judgment reversed. All the Justices concur.*

EVANS, P. J., and HILL, J. We concur in the judgment, but dissent from the second headnote.