### 45683. ADAMS v. CITY OF ATLANTA.

EBERHARDT, Judge. The City of Atlanta proceeded to condemn for airport purposes a vacant lot of Clarence R. Adams, located on Erskine Drive in College Park, measuring 60 x 150 feet. Erskine Drive had been severed by the I-85 limited access highway some years previously, and that portion on which condemnee's property is located is a dead-end residential street, though the property has been zoned by Clayton County for in-

dustrial and commercial use. An award made by the special master was appealed to a jury, and after trial in Clayton Superior Court the condemnee entered this appeal.

1. Enumerations of error 1 and 3 are upon the exclusion of testimony by condemnee's witness concerning several tracts in the general area, the court ruling that these were not sales of comparable tracts of land. We find no error in the rulings made. It was admitted by the witness that the tracts were not comparable in size, that they were located on heavily traveled streets or highways, and some were at a considerable distance from the tract being condemned. "Whether particular tracts of other land are similar to, and whether the sale thereof is illustrative of the value of the land being condemned, are matters for determination of the trial judge within his sound discretion, and unless he has manifestly abused that discretion the appellate courts will not control it." *Ga. Power Co. v. Walker,* 101 Ga. App. 454 (2) (114 SE2d 159, 80 ALR2d 1264), citing and following *Flemister v. Central Ga. Power Co.,* 140 Ga. 511, 515 (79 SE 148). Nothing in this record indicates that there was an abuse of discretion by the judge in making the determination that the sales about which the witness sought to testify were not of comparables.

2. In connection with his testimony relative to a sale of property on the Fayetteville Road, condemnee's witness testified that he did not know whether it had been vacant at the time of the sale, and on the next day he sought to testify that he had learned "last night" when talking with the buyer of the property that it had been vacant when sold. Objection was made to this testimony on the ground that it was hearsay, and the objection was sustained. Condemnee contends that the hearsay rule did not inhibit the testimony, because it was as to a fact ascertained and used in formulating an opinion by the witness as to value, and assigns error in enumeration 2 on the ruling.

We find no error. The transcript does not indicate that the witness expressed any opinion as to the value of the property in question. Moreover, we have held that an expert who testifies as to the value of property cannot "testify as a fact that a specific piece of property comparable to the condemnee's property was

sold at a certain amount when he had no actual knowledge of such fact except what someone, not a party to the suit, told him." *State Hwy. Dept. v. Wilkes,* 106 Ga. App. 634, 637 (127 SE2d 715). We can see no difference in applying the rule when the witness is testifying as to the amount it may have brought on sale and when he testifies as to whether it was, at the time, vacant. Enumeration of error number 2 is without merit.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED OCTOBER 5, 1970—DECIDED OCTOBER 15, 1970.

*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, John L. Watson, Jr.,* for appellant.

*Henry L. Bowden, Ferrin Y. Mathews, Albert B. Wallace,* for appellee.