45868.   SOUTHERN NATURAL GAS COMPANY v. WATERS.

EBERHARDT, Judge. Southern Natural Gas brought condemnation action against Waters to acquire a pipe line easement across his property. From the award of the assessors condemnor appealed to a jury, and from the judgment entered on the jury verdict it now appeals, enumerating error on (1) the denial of its motion for new trial, as amended, (2) overruling its motion to strike certain testimony of the owner's witness relative to comparable sales, and (3) the admission of evidence over the objection that it was a conclusion. *Held:*

1. Whether there was error in denial of the motion for new trial must depend upon our ruling on the other enumerations, which relate to grounds other than the general grounds. The general grounds are without merit.

2. The condemnee's witness, a realtor who had wide acquaintance with the lands of the community, testified as to the value of the land being condemned, and in the course of his testimony on direct examination asserted that condemnee's property had been platted and subdivided as a residential subdivision for some 25 years and that this was its highest and best use. However, he then testified that there were two parcels of property, among others, located about a half-mile from condemnee's which had been sold recently and that these sales had influenced the value of condemnee's land, and that he had used them in arriving at his estimate of its value.

On cross examination he identified the parcels as being located at a highway intersection and on a four-lane highway—one having been sold for $35,000 to a bank for use in locating a branch, and the other to an automobile dealer for locating his business—and he then asserted that the highest and best use for these parcels was commercial and that they were not comparables. Thereupon counsel for condemnor moved to strike his testimony with reference to these parcels, and his testimony relative to the value of condemnee's land, because it appeared that the witness had admittedly used these sales in arriving at his testimony of value. The motion was overruled.

While comparability is generally a matter for determination by the court and admission of testimony relating thereto lies within the trial court's discretion, yet the discretion is a legal one (*State Hwy. Dept. v. Noble,* 114 Ga. App. 3, 6 (150 SE2d 174)); and where it clearly appears that the testimony of value is based (in whole or in part) upon sales which are not comparable, it is error to admit the testimony, requiring a new trial. See *Ga. Power Co. v. Robertson,* 97 Ga. App. 142 (1c) (102 SE2d 510); *Adams v. City of Atlanta,* 122 Ga. App. 662 (178 SE2d 291).

That no objection was made at the time the witness testified on direct examination does not require a different result here, for at that time the witness had not given the details as to the use to be made of the two parcels or his opinion that their highest and best use was commercial and were not comparables. When this appeared from cross examination the motion to strike or

exclude was proper and should have been sustained. *Blount v. Beall,* 95 Ga. 182 (4) (22 SE 52); *Graham v. Clark,* 114 Ga. App. 825, 828 (152 SE2d 789).

3. There was no error in refusing to exclude the testimony of a real estate developer that subdivision roads could not be opened across condemnor's pipe line, if installed on condemnee's property, without altering the grade thereof on the ground that it was a conclusion, since the petition to condemn asserts that the condemnor shall have the right to construct, maintain, etc., one or more pipe lines *over, under,* through and within the limits of the easement.

*Judgment reversed. Hall, P. J., and Whitman, J., concur.*
SUBMITTED JANUARY 12, 1971—DECIDED JUNE 15, 1971.

*McCamy, Minor, Phillips & Tuggle, James H. Phillips,* for appellant.

*John E. Wiggins,* for appellee.