50406. WEAVER v. GEORGIA POWER COMPANY.

WEBB, Judge.

Involved in this case is the value of an easement in a 35.93-acre strip, 150 feet wide, in the middle of a 950-acre tract of farm land in Irwin County, taken in a condemnation action by Georgia Power Company for the purpose of erecting a high tension electric transmission line. From the award by the special master and judgment thereon, the condemnee made timely appeal to the superior court and a trial by jury as to value. Following verdict and judgment, condemnee appeals to this court, enumerating seven alleged errors. *Held:*

1. Enumerations of error 1 and 2 charge the court with error in failing to allow the condemnee on cross examination to elicit from two expert witnesses of condemnor what amount each was paid for his appraisal services. Both witnesses testified on direct and cross examination that they made appraisals on a fee basis and were paid.

Where expert witnesses have testified for a condemnor that they do appraisals on a fee basis, according to the time consumed, and are paid for their services, and that they do appraisals for parties other than the condemnor, this sufficiently puts to the jury the issue of their credibility and interest, and it was not error for the trial court to sustain objections to questions seeking to elicit from the witnesses the amount of their fees. Every party has the right to a thorough and sifting cross examination of witnesses called against him (Code § 38-1705), but the trial judge nevertheless has a discretion to control the right of cross examination within

reasonable bounds, which will not be controlled by a reviewing court unless it is abused. *Fouraker v. State,* 4 Ga. App. 692 (3) (62 SE 116); *Fields v. State,* 46 Ga. App. 287 (3) (167 SE 337). "Where there is not a denial altogether of inquiry as to subjects relied on to show bias, the scope and extent of the cross examination for this purpose rests in the sound discretion of the trial court." 58 AmJur 386, Witnesses, § 715. It was sufficient to limit cross examination to the fact that payment for appraisal services was made without disclosing the precise dollar amounts so paid.

2. On cross examination of one of condemnor's witnesses, this question was asked: ". . . In investigating it did you find anyone that voiced any fear of the existence of these type lines running so close to their home?" Objection that the question called for an answer that would be hearsay was sustained. This is enumerated as error number 3, and condemnee relies upon *Georgia Power Co. v. Sinclair,* 122 Ga. App. 305 (176 SE2d 639), and *Siniard v. Siniard,* 145 Ga. 541 (89 SE 517).

Potential danger of an electric power line in close proximity to dwellings does have a material connection to the market value of adjacent land, but this must be ascertained by objective means, not by hearsay evidence. As was stated in *Frady v. State,* 212 Ga. 84 (2) (90 SE2d 664), and quoted by this court in *Georgia Power Co. v. Sinclair,* 122 Ga. App. 305, 307, supra, " 'The right of cross examination, thorough and sifting, . . . is a substantial right, the preservation of which is essential to a proper administration of justice, and extends to all matters *within the knowledge* of the witness, the disclosure of which is material to the controversy; and being a substantial right it should never be abridged or denied by the court. [Cits.]' " (Emphasis supplied.) The evidence ruled admissible in the *Sinclair* case related to the potential danger from such power lines and structures not hearsay evidence that others "voiced any fear of the existence of these type lines running so close to their home." The *Siniard* case has no application. The objection was properly sustained. Code § 38-301; *Atlantic C. L. R. Co. v. Collins,* 13 Ga. App. 759 (2) (79 SE 946).

3. The condemnee's witness, tax assessor for Irwin

County, who testified that he was a director of a local bank and on its loan and property committee, and had appraised property involved in condemnation proceedings, gave testimony as to the value of the easement comdemned and diminution in value of the remaining tract resulting from the easement. In the course of his direct examination he detailed all of the deeds and real estate transactions which he said were the basis of his opinion as to the value of the land involved in this condemnation. Condemnor moved to strike his testimony as to the value of the easement and consequential damages, upon which the trial court thereupon ruled "In view of the witness's testimony as to how he arrived at his appraisals and at least some of the considerations he gave in arriving at his opinion being from sales that the court has held are not comparable and not admissible, the court sustains the motion."

This court has held, speaking through Judge Eberhardt, that "While comparability is generally a matter for determination by the court and admission of testimony relating thereto lies within the trial court's discretion, yet the discretion is a legal one (*State Hwy. Dept. v. Noble,* 114 Ga. App. 3, 6 (150 SE2d 174)); and where it clearly appears that the testimony of value is based (in whole or in part) upon sales which are not comparable, it is error to admit the testimony, requiring a new trial. (Citations omitted)." *Southern Natural Gas Co. v. Waters,* 124 Ga. App. 45, 46 (183 SE2d 45). To better enable the expert to shape his opinion, rulings as to comparable sales could and perhaps should be sought and obtained at pre-trial hearings. There was no error by the court, and Enumeration 4 is without merit.

4. Error is assigned on the exclusion from evidence of a certified copy of a subdivision plat of a portion of condemnee's property. A map made by a surveyor of the premises involved in an action for land is admissible to illustrate other testimony in the case, *provided it is proved to be correct. Napier v. Little,* 137 Ga. 242 (3) (73 SE 3). Here there was no evidence as to its correctness, and there was no error in excluding it.

5. There is no merit in enumeration of error no. 6, the exclusion of condemnee's exhibit 10. That was a copy

of a deed to two-thirds of an acre of the property under consideration in the condemnation, and made by the condemnee more than eighteen months after the condemnation. We cannot say that the trial judge abused his discretion in ruling that this sale was not comparable. *Georgia Power Co. v. Walker,* 101 Ga. App. 454 (2) (114 SE2d 159, 80 ALR2d 1264); *State Hwy. Dept. v. Noble,* 114 Ga. App. 3 (1) (150 SE2d 174); *Adams v. City of Atlanta,* 122 Ga. App. 662, 663 (178 SE2d 291).

6. Our ruling upon the denial of condemnee's motion for new trial is dependent upon our rulings on the other enumerations; and having found no reversible error in those enumerations, we accordingly hold that there was no error in denying the motion for new trial.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED MARCH 4, 1975 — DECIDED APRIL 9, 1975 — REHEARING DENIED MAY 1, 1975 —

*Walters & Davis, W. Emory Walters, Jay, Garden & Sherrell, Robert E. Sherrell,* for appellant.

*Bennett, Pedrick & Bennett, E. Kontz Bennett, W. Grady Pedrick, Mixon & Mixon, Harry Mixon,* for appellee.