No. 13080

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA ACTING BY AND
THROUGH THE DEPARTMENT OF HIGHWAYS
OF THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

CLYDE SCHRECKENDGUST, JR.
a/k/a CLYDE SCHRECKENDGUST,

Defendant and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
Honorable Edward Dussault, Judge presiding.

Counsel of Record:

For Appellant:

Tipp and Hoven, Missoula, Montana
Douglas Skjelset argued, Missoula, Montana

For Respondent:

Daniel J. Sullivan and James Beck, Helena, Montana
James Beck argued, Helena, Montana

---

Submitted: April 20, 1976

Decided: JUN 2 8 1976

Filed: JUN 3 1976

*Thomas J. Kearney*
Clerk

Hon. M. James Sorte, District Judge, sitting for Mr. Chief Justice James T. Harrison, delivered the Opinion of the Court:

The state of Montana by and through the department of highways, brought condemnation proceedings in the district court, Ravalli County, against Clyde Schreckendgust for two parcels of land. Defendant answered and counterclaimed asking for damages in the sum of $125,250. A commission hearing resulted in an award of $62,356. An appeal by the state of Montana to the district court resulted in a jury verdict of $29,600 and defendant appealed to this Court.

Involved is condemnation of 9.6 acres out of a tract of land of 24.14 acres referred to as parcel 6, which lies near Florence, Montana. The 24.14 acres had been surveyed and platted into lots in 1967 but the plat was never filed. Immediately adjacent to the 24.14 acre tract was another tract owned by defendant's corporation and known as Forest View Estates, Unit 1, which had been platted and also filed.

At the south end of the 24.14 acre parcel there was another parcel of land owned by defendant and condemned in this action, containing 1.6 acres of land referred to as parcel 5. The state's attorneys entered into a stipulation with defendant that provided the value of the 1.6 acres (parcel 5) would be computed by multiplying per acreage price determined in parcel 6 and adding an increment of $1,000 for size.

Defendant alleges the trial court erred in two respects:

(1) The court did not allow defendant's appraisers to testify on value of the condemned lots compared to platted subdivision property.

(2)  The court erred in refusing to allow defendant to introduce a value, on either direct testimony of his appraiser, or cross-examination of the state's expert, of comparable commercial sales of property.

With reference to the first alleged error, the record discloses defendant called two appraisal witnesses, Charles Fricke and Roy Rodenberger.  Fricke testified that he based his opinion of value on the basis of building sites and was permitted, over objection, to state that in his opinion the per acre value of the land was $10,500.

Defendant's other appraisal witness Roy Rodenberger, was allowed to testify as to value of the 9.6 acres for the highest and best use as residential sites and subdivision. However, the district court would not permit him to use comparable sales located in an existing subdivision because the property sought to be condemned was not in an existing subdivision.  In the refusal to allow testimony of comparable sales in an existing subdivision, we note the court did not restrict the witness' testimony on a per acre value of the land.  He testified, as he did in a deposition prior to trial, that the highest and best use of the property was "residential sales or lots" and based upon that concluded the land's value was $6,867 per acre.

Consequently, appraiser Fricke was permitted to testify as to the land's value for building sites at $10,500 per acre and appraiser Rodenberger was permitted to testify to the same value of $6,867 per acre for "residential sales or lots" as stated in his deposition prior to trial.

The general rule is that the admission of evidence of

comparable sales is within the discretion of the district court and will not be reversed unless there was manifest abuse of that discretion. In United States v. 55.22 Acres of Land, Etc., Yakima Co., Wash., 411 F.2d 432, 434, the Ninth Circuit Court of Appeals stated the rule thusly:

"It follows that when evidence pertaining to an
assertedly comparable sale is tendered, and
objection is made thereto, a preliminary question
of admissibility is presented. The determination
of that question calls for an exercise of a sound
discretion by the trial court, and the ruling thereon
is reviewable only for an abuse of discretion.
United States v. Eden Memorial Park Association,
9 Cir., 350 F.2d 933, 935."

See: United States v. Reist, 442 F.2d 1325 (1971).

The Illinois Supreme Court, in City of Chicago v. Blanton, 15 Ill.2d 198, 154 N.E.2d 242,244,245, considered the exclusion of an alleged comparable sale by the trial court. In affirming that court's ruling, it held:

"* * * No general rule can be laid down regarding
the degree of similarity which must exist between
property sold and that condemned in order to make
evidence of such sale proper. Since no two pieces
of real estate are exactly alike and since economic
influences are constantly changing, the admission
of such proof rests largely in the discretion of the
trial court, and its decision will be reversed only
where such discretion has been clearly abused."

See: Salt Lake County v. Kazura, 22 Utah 2d 313, 452 P.2d 869; State v. Rowley, 74 Wash.2d 328, 444 P.2d 695; Adams v. City of Atlanta, 122 Ga.App. 662, 178 S.E.2d 291; Nystrom v. State, 80 S.D. 58, 119 N.W.2d 123; H.E. Fletcher Co. v. Commonwealth, 350 Mass. 316, 214 N.E.2d 721; Nonni v. Commonwealth, 356 Mass. 264, 249 N.E.2d 644.

The general rule is that evidence of sales may be introduced as long as they are truly comparable. This Court, in State Highway Comm'n v. Churchwell, 146 Mont. 52,60, 403 P.2d 751, said:

- 4 -

"* * * Concerning the admission of evidence, either of value before or after the taking, the problem is one of comparability or similarity. In this case as hereinafter pointed out the facts do not make a case for similarity or comparability. See Vol. 85 A.L.R.2d, pages 130 to 163."

In Churchwell this Court acknowledged that platted land was not comparable to raw land:

"The Sprunger property was an acreage sale as against the appellants' allegation that theirs was platted land."

This follows the general rule that sales of platted land should not be used to value land that is unplatted, especially in situations were there is evidence of sales of unplatted land in the area.

In Waukegan Park Dist. v. First National Bank of Lake Forest, 22 Ill.2d 238, 174 N.E.2d 824,827, the Illinois Supreme Court held the trial court properly struck the testimony of the landowner's appraiser because he referred to sales in subdivisions and said:

"* * * There was no error in striking the testimony. The property involved in the present proceedings is acreage property which is unsubdivided. The testimony sought to be introduced related to property which had been subdivided into lots. It is well established that the latter is not similar to unsubdivided or acre property and that the price of such lots is not relevant in fixing the value of property such as that in the cases at bar."

State Road Commission v. Ferguson, 148 W.Vir.742, 137 S.E.2d 206, 211, involved the condemnation of 10.22 acres of land for highway purposes. During the trial of the case the

trial court permitted a witness to testify as to the prices of lots in an existing subdivision. The West Virginia Supreme Court held this was error, noting:

> " * * * In the instant case, Mr. Canterbury testified about a lot which was sold from an existing subdivision. The property involved in this proceeding is a tract of land of approximately eleven acres. There is no similarity whatever between the two. If this evidence were allowed the jury would be required to investigate collateral issues, such as the many items of cost which necessarily would be incurred to convert the subject property into lots. This could lead only to confusion and cause the jury to engage in speculation and conjecture.
>
> "* * *
>
> "Pertinent to the instant proceeding, many courts have held that evidence of the value of platted or subdivided land is not admissible to prove the value of acre or unplatted property. Holding such evidence inadmissible, the Court, in City of Chicago v. Pridmore, et al., 12 Ill.2d 447, 147 N.E.2d 54, commented as follows: 'This court has consistently held that property which has been subdivided into lots is not similar to or similarly conditioned as unsubdivided or acre property.' See Annotation, 85 A.L.R. 2d 110, at p. 139, et seq., and cases cited therein."

The Colorado Supreme Court, in Department of Highways v. Schulhoff, 167 Col. 72, 445 P.2d 402,407, considered the admissibility of lot sales in an eminent domain action where the property sought to be condemned was not subdivided. In that case the court refused to admit evidence of such sales. The landowner, on cross appeal, urged this as error. The Supreme Court affirmed the ruling of the trial court, holding:

> "In passing on the degree of comparability of the sales which the Schulhoffs attempted to introduce into evidence to Parcel No. 320, the trial court correctly ruled:
>
> "'* * * the Court does not consider platted subdivisions, which likely have streets, possibly alleys and curbs and gutters, paved streets, utilities, grading and other matter which are usually in subdivisions, comparable to the property in question

in this case, and therefore refuses to permit testimony as to the value of these lots, even though they are called comparable lots.

"'* * *

"'* * * there are so many elements in subdivisions that aren't in unimproved property that it is difficult to evaluate or compare the two.'

"The authorities support the trial court's ruling. We quote with approval the following language of the court in State Roads Commission v. Wood, 207 Md. 369, 114 A.2d 636, apropos of the general rule:

"'* * *The vice in comparing subdivided land and unsubdivided land lies in the fact that the comparison is between a wholesale and a retail price for the price of the platted lots includes the expense of subdividing and the promotional and sales costs of moving the individual lots. * * *' [Citing cases]."

This rule was reaffirmed by the Colorado Supreme Court in Board of County Com'rs v. Vail Associates, Ltd.,171 Col.381, 468 P.2d 842.

Here, the transcript reveals there was testimony at the trial of comparable sales of undivided property in the area of the condemned land. The trial court concluded the land in question was not subdivided inasmuch as the plat had never been filed. Defendant by not filing the subdivision plat, obtained some advantages in regard to taxes on the property and the non-dedication of such land to the public.

Lot sales in an established subdivision recognize and take into account these factors: (1) the cost of utilities furnished with the lots, such as gas, electricity, water, sewer and roads, either paved or unpaved; (2) cost of land acquisition, platting and profit to the subdivider; (3) selling expenses such as com-missions and advertising, and for hold-expenses such as taxes, and interest costs on the unsold land.

- 7 -

These costs have <u>not</u> been incurred by the person who has not filed the subdivision plat and consequently the land in question in this case was not comparable to platted lots and the trial court did not abuse its discretion.

With reference to the alleged second error, a reading of the transcript does not sustain the argument that the defendant was prevented from introducing the evidence on either direct testimony or on cross-examination of the state's experts concerning the sale of comparable commercial property. A reading of the transcript indicates the court did not restrict the cross-examination.

The only objection to any cross-examination was when defendant attempted to question a witness for the state about the sale from defendant to Bell McCall Company. The witness testified he did not know the answer to the question. Defendant then attempted to premise the question with the answer he wanted from the witness. An objection was made to this on the ground that the witness stated that he did not know the purchase price and the court sustained the objection. It is clear that counsel cannot put an answer into evidence through the guise of asking another question with the answer as a premise. In any event the question was withdrawn by defendant.

The state made no objection to the cross-examination of the state's second appraisal witness and consequently the court did not restrict the cross-examination of the state's witnesses by defendant.

Defendant also alleges the court refused in his direct examination to allow him to place a dollar value concerning sales of commercial property. The question here is whether or not the trial court abused its discretion in its ruling.

At the trial Rodenberger was called to the stand and testified, as he did in his deposition prior to trial, that the land had a highest and best use for "residential sites and subdivision."

Defendant also attempted to introduce evidence of a sale of .28 acres to Bell McCall Company. The court ruled that this sale was covered by a stipulation previously entered into by the parties and the testimony was improper. Defendant made an offer of proof which was denied by the court, and the court gave an additional reason, the fact that the sale was for commercial purposes as Rodenberger had testified that the highest and best use of the land was for residential sites. The witness was allowed to testify that in his opinion the land was worth $6,867 per acre.

The following day the witness Rodenberger attempted to testify that he was now of the opinion that the property had the highest and best use for residential and/or commercial. The state objected on the ground that no proper foundation had been provided and surprise, because of his previous deposition and testimony. The objection was sustained by the trial court. Defendant made another offer of proof which was denied.

The state made a motion in limine prior to trial requesting an order prohibiting defendant or his attorney or witnesses from making any reference to the value of a tract of land described in the complaint as parcel 5, which included the Bell McCall Company property. The motion was not resisted by defendant.

Moreover, the Bell McCall Company sale involved .28 acres as compared with 24.14 acres in the parcel described as parcel 6

in this case. They are not comparable in size. The state's witnesses testified the property was not comparable because it was project influenced, it was too small and it was a service station sale. There was no error in the court's ruling.

In Montana Power Company v. Wolfe, ____Mont.____, 545 P.2d 674, 33 St.Rep. 172, 174, this Court said:

> "* * * Yet it is well established that appellate review of comparable sale evidence admitted by the district court is limited. 5 Nichols on Eminent Domain, § 21.31, pp. 21-54 to 21-59, states:
>
> > "'Similarity does not mean identical, but having a resemblance. Obviously, no two properties can be exactly alike, and no general rule can be laid down regarding the degree of similarity that must exist to make such evidence admissible. It must necessarily vary with the circumstances of each particular case. Whether the properties are sufficiently similar to have some bearing on the value under consideration, and to be of any aid to the jury, must necessarily rest largely in the sound discretion of the trial court, which will not be interfered with unless abused. The exact limits, either of similarity or difference, or of nearness or remoteness in point of time, is difficult, if not impossible, to prescribe by any arbitrary rule, but must to a large extent depend on the location and the character of the property and the circumstance of the case. It is to be considered with reference to the light thrown on the issue, and not as a mere method of raising a legal puzzle.'"

Finally, the verdict of the jury in this case is not out of proportion to the injury to defendant. This Court has followed the rule that in eminent domain proceedings the jury verdict will not be disturbed on appeal unless it is out of proportion to the injury done. State Highway Commission v. Manry, 143 Mont. 382, 390 P.2d 97.

The judgment of the district court is affirmed.

Hon. M. James Sorte,
District Judge, sitting for
Mr. Chief Justice James T.
Harrison.

We Concur:

_Wesley Castles_

_John Conway Harrison_

_Gene B Daly_

_Frank I. Haswell_
Justices.