## 53561. SLENKER v. DEPARTMENT OF TRANSPORTATION.

WEBB, Judge.

The Department of Transportation condemned a parcel of unimproved land measuring about 4 feet by 75 feet, comprising 0.008 of an acre in the City of Cordele. Condemnee Robert S. Slenker appealed to a superior court jury. From a judgment based on a verdict in his favor for $500 he moved for a new trial, and upon denial of that motion he has appealed. The strip condemned is across the front portion of the yard adjacent to the existing highway, with no improvements involved in the taking other than yard grass and some shrubbery.

The condemnee contends that the trial court abused its discretion (1) in permitting the introduction into evidence of the value of other homes to which he objected as not being comparable, and (2) in permitting the introduction into evidence of the value of vacant, unimproved lots in comparison with his property which

was improved with house, lawn, trees and shrubbery.

1. Condemnor's witnesses were qualified as experts. They testified that the homes taken into consideration were comparable in that sales of them gave an indication of the value of condemnee's property, and that they made adjustments in their appraisal because of the differences which existed in the properties. This court stated in *Hollywood Baptist Church of Rome v. State Hwy. Dept.*, 114 Ga. App. 98, 100 (4) (150 SE2d 271) (1966): " 'When a witness is qualified as an expert, it is not necessary that he state the facts on which his opinion is based, but he may do so.' [Cits.] Where the value of property is in dispute, therefore, evidence of sales of comparable property not too remote in point of time may become relevant in one of two ways: the expert witness, in explaining, on cross examination or otherwise, how he arrived at his estimate of value, may refer to other sales of property taken into account by him and which influenced his opinion, or the fact and amount of sales of similar property may be introduced in evidence directly for jury consideration without passing through the mediating analysis of the experts. In the former instance, whether or not the property is sufficiently similar, and the sale sufficiently close in point of time, is evidence from which the jury may determine the credibility of the expert and, even though of doubtful probative value, is admissible for this purpose. [Cit.] Where value is sought to be proved directly by comparable sales the foundation must first be laid by showing the similarity of the properties, and whether such foundation has been properly laid is for the determination of the trial judge who has a wide discretion in the matter, 'and unless he has manifestly abused that discretion the appellate courts will not control it. *Exact similarity is not generally attainable, and any dissimilarities in the lands or their transfer are matters which go to the weight to be given by the jury to the evidence of the transfer.*' [Cit.]" (Emphasis supplied.) See also *White v. Ga. Power Company,* 237 Ga. 341, 345 (3) (227 SE2d 385) (1976); *Dept. of Transportation v. El Carlo Motel,* 140 Ga. App. 779, 781 (232 SE2d 126) (1976).

The testimony clearly indicated that the two expert appraisers had found properties similar in nature and

located in the approximate vicinity of the condemned property, that they were the best of many sales considered, that they took into consideration differences between the condemned property and the sales used, and made adjustments because of the differences. The trial judge did not abuse his discretion in permitting introduction into evidence the values of other improved properties as comparable.

2. Likewise, we find no abuse of discretion in permitting the introduction into evidence of the value of vacant, unimproved lots in comparison with the condemned property. " 'In arriving at the value . . . of a particular abutting lot and building thereon, evidence as to what the value of the lot would have been without the building, and evidence of the value of other abutting lots, was relevant.' [Cit.] It was not error to allow an appraiser, after stating his opinion of the value of the property taken, to distinguish the amounts allocated by him to land, building, easement, and other components." *Dept. of Transportation v. English,* 135 Ga. App. 425, 427 (4) (218 SE2d 134) (1975).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED MARCH 2, 1977 — DECIDED MARCH 4, 1977.

*Rogers & McCord, John R. Rogers,* for appellant.
*Arthur K. Bolton, Attorney General, Tom W. Daniel, Deputy Assistant Attorney General,* for appellee.