## 53814. BENEFICIAL STANDARD LIFE INSURANCE COMPANY v. HAMBY.

DEEN, Presiding Judge.

1. "When the insured is incapacitated from performing any substantial part of his ordinary duties, a case of total disability is presented, although he is still able to perform some parts of his work. Total disability is inability to do substantially all of the material acts necessary to the transaction of the insured's occupation, in substantially his customary and usual manner." *Cato v. Aetna Life Ins. Co.,* 164 Ga. 392 (3) (138 SE 787).

2. The appellee was insured under a policy including sickness benefits. If the "sickness" is contracted more than 30 days from the policy date, loss of time therefrom is payable at the rate of $200 per month. These benefits

continue, for a "non-confining total disability" for a period of five years. There are no other restrictions on the word "sickness" in the policy; by statute it means "any affection of the body which deprives it temporarily of the power to fulfill its usual functions." Code § 102-103. Whether or not the plaintiff insured had some nonsymptomatic arthritis prior to the issuance of the policy, where the condition did not affect her ability to work, would not preclude a recovery for a "gouty arthritis" asserting itself some years later which resulted in pain and muscle spasm sufficient to make it impossible for her to continue in her job. Also, under *Wooten v. Life Ins. Co. of Ga.,* 93 Ga. App. 665 (5) (92 SE2d 567) the insurer failed to carry the burden of establishing a continuity of prior and subsequent disabling episodes arising from the same cause.

3. The appellee here took out the accident and sickness policy in June, 1971. She was working at the time and continued to work as a sewing machine operator for a garment factory until June, 1973. This job consisted in the ability to use three sewing machines, one of which involved operations with both feet, one of which operated a treadle, and also involved lifting bundles of fabric weighing 35 to 40 pounds. In June, 1973, she began to have severe muscle spasms and what she described as a paralysis in the lumbar region but which two doctors examining her for the insurer have diagnosed as a mild degenerative arthritis. She herself consulted four medical doctors and a chiropractor between June, 1973 and September, 1975. Dr. Ford, who testified by deposition, advised her to quit work on the latter date, and she did so. She remained away from her job between July and October, 1973, returned to work for two weeks and again ceased, was advised by Dr. Collins in November that she should not work, was paid sickness disability benefits by the appellant until August, 1974, at which time it ceased payment contending that she was not disabled, and filed this action in July, 1975.

In view of the conflicting medical testimony in this case, the evidence authorized but did not demand a finding that the plaintiff suffers an affection of her body resulting in inability to do substantially all of the material acts necessary to the transaction of her usual

occupation in her customary manner. *New York Life Ins. Co. v. Thompson,* 45 Ga. App. 638 (165 SE 847). It was also established that the appellant paid disability benefits in the stipulated sum of $200 per month for over a year, and its only evidence that the plaintiff is not presently suffering a total disability to work at the only job for which the evidence shows her to be equipped is the opinion of two medical experts retained by it, each of whom examined her on a single occasion. The findings of fact of the judge, trying the case without a jury, are accordingly supported by some evidence and will not be disturbed. *Cutcliffe v. Chestnut,* 126 Ga. App. 378 (190 SE2d 800).

4. The judgment of the court is attacked as insufficient to permit the issuance of an execution in any specific amount. The judgment does establish that the plaintiff is entitled to be paid the "sum stipulated in the contract of insurance" which is $200 per month, from the time the defendant ceased payments (which the pleadings of both parties establish as August 6, 1974) to the date of filing the petition (July 2, 1975). The amount is thus a matter of arithmetical computation, and the trial court is directed, on receipt of the remittitur, to amend the judgment by adding therein the correct dollar amount as herein indicated in order that execution may issue.

*Judgment affirmed with direction. Webb and Marshall, JJ., concur.*

ARGUED MAY 4, 1977 — DECIDED MAY 13, 1977 — REHEARING DENIED MAY 31, 1977 — ■

*Dunaway, Haas & Broome, George A. Haas,* for appellant.

*Floyd W. Keeble, Jr.,* for appellee.