54662. DeKALB COUNTY v. TRUSTEES, DECATUR LODGE NO. 1602, B. P. O. ELKS et al.

McMURRAY, Judge.

This is a condemnation proceeding. Condemnee's property was taken by DeKalb County for the construction of a system of public transportation of

passengers for hire by the Metropolitan Atlanta Rapid Transit Authority (MARTA). The special master's award, from which no appeal was taken (see Code Ann. § 36-614a; Ga. L. 1957, pp. 387, 396), awarded to condemnee the sum of $844,123 for the condemned property. The award of the special master exceeded the offer made by the condemnor for the acquisition of the property by the amount of $126,823. The special master recommended that attorney fees and cost of litigation be awarded the condemnee.

By agreement of both parties the issues of amount of attorney fees and cost of litigation were tried on affidavits. Condemnee's affidavits show that condemnee's attorney had devoted approximately 50 hours to the handling of condemnee's case. Expert opinion evidence was offered on behalf of condemnee that the reasonable value of the services rendered by condemnee's attorney was $42,274 (This could have been calculated to be one-third of the difference between condemnor's offer and the special master's award.). Condemnor introduced evidence that based on the amount of time devoted by condemnee's attorney to the case that reasonable attorney fees should be in the range of $2,500 to $5,000, based on the valuation of attorney's time at $50 to $100 per hour. The trial court found reasonable attorney fees to be $42,274, and condemnor appeals, contending that the attorney fees awarded are unreasonable. *Held:*

In *White v. Ga. Power Co.,* 237 Ga. 341, 342 (1) (227 SE2d 385), the Supreme Court of Georgia held that attorney fees and reasonable and necessary expenses of litigation are included as additional damages for which a condemnee must be compensated in compliance with Georgia's constitutional provisions requiring payment of just and adequate compensation when such additional damages are recommended by the fact finder. See Code Ann. § 2-301 (1) (Art. I, Sec. III, Par. I of the Constitution of Georgia of 1945 and of 1976). In a subsequent decision on the issue, *Dept. of Transp. v. Doss,* 238 Ga. 480, 483 (233 SE2d 144), the Supreme Court clearly held that the issue of whether reasonable attorney fees and litigation costs should be awarded and the amount is a question of fact for judicial determination. In neither *White v. Ga. Power Co.,* supra, nor in *Dept. of Transp. v. Doss,* supra,

did the Supreme Court set forth any specific guidelines with respect to determining the amount of attorney fees allowable to a condemnee in a condemnation proceeding. The Supreme Court in *Dept. of Transp. v. Doss,* 238 Ga. 480, supra, held that as stated in *White v. Ga. Power Co.,* 237 Ga. 341, supra, " '. . . the words "just and adequate compensation" contained in our Constitution are to be interpreted by the judiciary to include attorney fees incurred by a condemnee or condemnees in an eminent domain case and are also to be interpreted to include all reasonable and necessary expenses of litigation incurred by such condemnees in eminent domain cases.' Implicitly the attorney fees must be reasonable also." In *Dept. of Transp. v. Flint River Cotton Mills,* 238 Ga. 717, 718 (235 SE2d 31), the Supreme Court of Georgia has said, "[t]he purpose of awarding attorney fees and litigation expenses is to reimburse the condemnee for those expenses he 'must incur in order to obtain fair market value of his property taken.' " The Supreme Court of Georgia has said that the attorney fees must be reasonable. However, in the absence of specific Supreme Court of Georgia guidelines for determination of the amount of attorney fees allowable in an eminent domain proceeding, and in view of the nonexistence of Georgia statutory law concerning attorney fees allowable in such cases, and further in view of the Supreme Court's holding in *Reserve Life Ins. Co. v. Gay,* 214 Ga. 2, 3 (102 SE2d 492), that appellate courts are without authority to fix compensation of an attorney in any case, we are therefore bound by the "any evidence" rule in the case sub judice.

The expert evidence submitted was in conflict. However, in the absence of plain proof that the award of attorney fees was the result of prejudice or bias, the trial court must be affirmed. The finding of the trial court on this question of fact, being supported by evidence, it will not be disturbed. *Cutcliffe v. Chestnut,* 126 Ga. App. 378, 381-382 (1) (190 SE2d 800); *Beneficial &c. Ins. Co. v. Hamby,* 142 Ga. App. 449, 451 (3) (236 SE2d 116).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

Argued October 3, 1977 — Decided February 16, 1978 —

REHEARING DENIED MARCH 8, 1978 —
CERT. APPLIED FOR.

*Harvey, Willard, Elliott & Olsen, Wendell K. Willard, Huie, Sterne, Brown & Ide, Terrence Lee Croft, Charles N. Pursley, Jr., David G. Russell,* for appellant.
*Simmons, Martin, Warren & Szczecko, M. T. Simmons, Jr.,* for appellees.