No. 92-626

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

CITY OF GREAT FALLS, MONTANA,
a municipal corporation,

Plaintiff and Respondent,

v.

TEMPLE BAPTIST CHURCH, INC., and
CASCADE COUNTY, and NORWEST BANK
OF GREAT FALLS,

Defendants and Appellants.

FILED

SEP 14 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.


COUNSEL OF RECORD:

    For Appellants:

        Patrick F. Flaherty, Attorney at Law,
        Great Falls, Montana

    For Respondent:

        David V. Gliko, City Attorney,
        Great Falls, Montana


Submitted on Briefs: May 20, 1993

Decided: September 14, 1993

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Temple Baptist Church, Inc., appeals from the judgment of the Eighth Judicial District Court, Cascade County, granting the Church an award of $17,000 for condemnation by eminent domain.

We reverse and remand for a new trial.

Appellant presents six issues on appeal. Because of our holding, we need only discuss the following three issues:

1. Did the District Court err when it limited the testimony of defendants' expert?

2. Did the District Court err when it limited the testimony of the owner of the property in question?

3. Did the District Court err in refusing to instruct the jury on the stipulated and agreed upon facts of the case?

On April 16, 1991, the Great Falls City Commission adopted Ordinance No. 2600 which confirmed the public necessity for condemnation by eminent domain upon 0.31 acres of land belonging to the Church. The purpose of the taking was for development, construction, and operation of a sewer main and lift station.

On April 26, 1991, the City of Great Falls filed this condemnation action. The City also served a summons upon the Church to appear before the District Court on June 26, 1991, in order to obtain a preliminary condemnation order enabling it to enter the Church property to construct, maintain, and operate the sewer main and lift station. On August 3, 1991, the parties agreed to the Preliminary Condemnation Order. The compensation rights of

2

the Church were reserved for a subsequent proceeding in which the financial award would be determined. In an order dated August 8, 1991, the District Court granted the City the right to enter the Church property and the reservation of the compensation determination for a future date. It was also stipulated that the City Zoning Ordinance requires 272 parking spaces.

Although the City offered to pay $25,000 for the property, the Church, relying on the appraisal of its expert, determined that $58,100 would be a reasonable settlement. After a jury trial, the Church was awarded damages of $14,500 for the parcel taken and $2,500 for damages to the remainder, for a total award of $17,000.

I.

Did the District Court err when it limited the testimony of defendants' expert?

The Church contends that their expert should have been allowed to testify about a "cost to cure" method which would require the City to compensate for additional property purchased by the Church. The Church does not present any statutory authority or case law to support this method. We stated in Meagher County Water District v. Walter (1976), 169 Mont. 358, 362-63, 547 P.2d 850, 853, that "just compensation for a public taking of private land is to be computed as: fair market value of land taken plus (value of remainder before taking minus value of remainder after taking)." The "cost to cure" method is an alternative method of compensation. The District Court was under no obligation to allow discussion or testimony of such a method.

3

Regarding the expert's testimony on comparable sales, the District Court considered all of the sales presented and struck the ones it felt were not similar or comparable to the Church property. The District Court has discretion in admitting or excluding evidence of comparable sales, and its decision will not be reversed unless there is a manifest abuse of discretion. State v. Schreckendgust (1976), 170 Mont. 161, 164, 551 P.2d 1019, 1021. We hold that there was no manifest abuse of discretion on the part of the District Court.

II.

Did the District Court err when it limited the testimony of the owner of the property in question?

Again, we emphasize that the valuation date of the property is the date the summons was served, April 29, 1991. Speculative and conjectural possibilities are not to be taken into consideration. Antonioli, 401 P.2d at 567. The history of the Church from its beginnings until the present, and its plans for the future, are irrelevant in determining the actual damage as of the valuation date. The District Court did not err in limiting the testimony of the property owner.

III.

Did the District Court err in refusing to instruct the jury on the stipulated and agreed upon facts of the case?

In this case, the Church was entitled to damages for the fair market value of that property which was taken by the City's condemnation. However, it was also entitled to damages for the

4

depreciation to its remaining property which resulted from the taking. Section 70-30-302, MCA.

The property taken was the Church's parking lot. In order to evaluate the depreciation to the Church's remaining property, the jury had to know what its parking requirements were and whether those requirements could be satisfied on the remaining property.

Prior to trial, the parties entered into the following stipulation: "Parking requirements under City's zoning ordinance for the subject property are 272 spaces."

Based upon its reliance on that stipulation, the Church offered proof that it would have to either purchase additional property at a cost of about $50,000, or make alterations to its remaining property at a cost of $26,350, in order to satisfy the City's parking requirement and receive a certificate of occupancy after completing the building improvements that were then under way.

At trial the City called as a witness, John Lamb, its parking and zoning supervisor, and Mike Rattray, its assistant community development director, who testified, without foundation, that it was conceivable that fewer than 272 parking spaces would be required, and that even if 272 were required, it was possible that a variance from that requirement would be granted. This testimony was highly speculative and should not have been allowed. However, since it was, the Church was entitled to have the prior stipulation read to the jury so that in evaluating the damages to the Church's

5

remaining property there would be no question about what the Church would be required to do in order to occupy that property.

In fact, the Church offered its Instruction No. 12 which set forth the stipulation and the City did not object to that instruction. The court simply declined to give it. Without such an instruction, the City Attorney was able to argue in his closing argument:

> Another consideration to be taken in here, I believe, is the fact that the actual parking space needed by the Church may be modified if the information and application and plans are ever submitted to the City so that an actual judgment can be made.
>
> Secondly, the variance process has not been utilized. And I would remind that the City has not had any concern with the parking area in this church for apparently as long as it has been in operation.

Apparently uncertain about what the future parking requirements would be, the jury awarded damages for the depreciation of the Church's remaining property in the amount of $2500. This was one-tenth of the minimum amount which the testimony established would be necessary to comply with what the City had previously agreed would be the Church's parking requirements. The Church had a right to rely on the stipulation when preparing for trial and putting on proof of its damages.

We hold that the District Court erred by not instructing the jury that the City had agreed that 272 parking spaces were required and that failure to do so prejudiced the defendant.

6

We reverse the jury verdict and remand for a new trial based on the District Court's failure to instruct the jury that the City had agreed that 272 parking spaces were required.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

September 14, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Patrick F. Flaherty
Attorney at Law
625 Central Ave. West, #101
Great Falls, MT 59404

David V. Gliko
City Attorney
P.O. Box 5021
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy