## UNITED STATES of America, Plaintiff-Appellee,

v.

## Joan A. DEIST, Russell H. Deist and Eva K. Armstrong, Defendants-Appellants.

### No. 24241.

United States Court of Appeals, Ninth Circuit.

May 12, 1971.

Dale L. McGarvey (argued), of Korn, Warden & Walterskirchen, Kalispell, Mont., for defendants-appellants.

George R. Hyde (argued), Atty., Dept. of Justice, Shiro Kashiwa, Asst. Atty. Gen., Washington, D. C., Otis L. Packwood, U. S. Atty., Billings, Mont., James B. Patten, Asst. U. S. Atty., Butte, Mont., for plaintiff-appellee.

Before DUNIWAY and WRIGHT, Circuit Judges, and McNICHOLS, District Judge.

PER CURIAM:

This is an appeal from a judgment fixing the compensation to be paid for land subject to condemnation for public use. An interest in certain real property owned by the appellants was taken in eminent domain proceedings in the District Court by the United States acting on behalf of the Bonneville Power Administration. The property interest so acquired was for an easement for a right-of-way for a power transmission line being constructed through the area and crossing appellants' lands.

Appellant landowners object to the action of the court below in appointing a commission to determine the issue of just compensation, and further allege error by the commission in the admission of evidence.

It is contended that the submission of the matter to a commission violated appellants' rights to a jury trial. Appellants had demanded trial by jury.

Rule 71A(h), Federal Rules of Civil Procedure, authorizes the district court, in actions involving the exercise of the power of eminent domain under the laws of the United States, and in the exercise of his discretion, to appoint a commission to determine the issue of just compensation " * * * because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice * * *."

Concededly, the condemnation in the instant case involved a narrow (125 feet wide) easement for the installation of a series of power poles running across a considerable number of tracts of land in various ownerships. The area was remote from Missoula, Montana, where the court was sitting. The court found that the type of take being contemplated and the nature of the land involved required a view of the premises by the finder of fact. He further determined that because of the remote area of the land involved, costs of a jury view would be high and would result in a substantial imposition on the members of the jury panel. For these reasons the court held that the interests of justice required the submission of the issue of just compensation to a commission. The court instructed the commission as to its duties, powers and procedures to be followed in meticulous detail.

Contrary to the claims of appellants, a party has no constitutionally guaranteed right to a jury trial in eminent domain proceedings brought to de-

termine the just compensation to be paid for property taken by the United States for public use. Kohl et al. v. United States (1875) 91 U.S. 367, 376, 23 L.Ed. 449; Bauman v. Ross (1897) 167 U.S. 548, 593, 17 S.Ct. 966, 42 L.Ed. 270; City and County of Honolulu v. United States (9th Cir. 1951) 188 F.2d 459, 461; Gila River Ranch, Inc. v. United States (9th Cir. 1966) 368 F.2d 354, 357.

The record clearly reflects that the court considered correct criteria for the utilization of the assistance of the commission and exercised the discretion granted to him under Rule 71A(h). No abuse of that discretion is demonstrated.

Appellants also contend that the commission appointed by the court erred in the admission of certain items of evidence relating to sales of real estate in the area.

One such sale was termed a "forced" or "distress" sale wherein the seller was shown to have been in financial difficulty and in need of making a sale. The other purported sale was shown to have been an "intra-family" transaction. The commission noted that such factors went to the weight of the evidence rather than to its admissibility. Assuming, arguendo, that such evidence was improperly permitted, the findings of the commission affirmatively reflect that the commission recognized the sales for what they were and gave little weight to either.

Also objected to was the introduction into evidence by the appellee of so-called comparable sales of other real property which sales were somewhat remote in time and place from the take here involved. Appellants raised appropriate objection to this evidence as proffered. The commission overruled the objections on the basis that the witness had offered evidence purporting to make allowances which would up-date the sales and noting that less remote sales were practically non-existent. The commission further stated in its ruling on the evidence that the objection went more to the weight than to the admissibility.

"Whether or not a sale constitutes a 'comparable sale' so as to constitute evidence of value is within the sound discretion of the trial court." United States v. Eden Memorial Park Association (9th Cir. 1965) 350 F.2d 933, 935.

On objection to the commission report, all these issues concerning the admission of evidence were presented to the district judge who affirmed the various rulings of the commission.

We in turn, having likewise reviewed the objections find no error.

Affirmed.