**UNITED STATES of America**

**v.**

**2175.86 ACRES OF LAND, MORE OR LESS, SITUATE IN HARDIN AND JEFFERSON COUNTIES, STATE OF TEXAS, and Kirby Forest Industries, Inc., and Unknown Owners.**

**Civ. A. No. B–78–598–CA.**

United States District Court, E.D. Texas, Beaumont Division.

May 23, 1986.

George Phair, Asst. U.S. Atty., Bob. Wortham, U.S. Atty., Beaumont, Tex., for plaintiff.

Joe Roady, Sheinfeld, Maley & Kay, Houston, Tex., for defendant.

MEMORANDUM AND ORDER

COBB, District Judge.

This protracted condemnation litigation was first filed by the United States August 21, 1978, almost eight years ago, when the government sought to obtain 2175.86 acres of land for the Big Thicket Preserve, pursuant to 16 U.S.C. § 698. Kirby Forest Industries (Kirby) was served on September 11, 1978, and filed its original answer on September 21, 1978. The original (and only) answer filed by the landowner admitted that Kirby had no defense to the taking, stated it had fee simple title to the land involved, and "respectfully prays that upon final hearing hereof *the Court* award it just compensation for the taking of its property as provided by law ..." (emphasis added). For whatever reason Kirby elected not to seek a jury trial, then or until May 6, 1986, when it filed a motion under Rule 71A(h).

The case was tried by the subsequently selected Big Thicket Condemnation Commission, an award made, which was appealed to the United States District Court. Judge Robert M. Parker tried the appeal and rendered his opinion July 27, 1981. *U.S. v. 2,175.86 Acres of land,* 520 F.Supp. 75 (E.D.Tex.1981).

That judgment was appealed to the United States Court of Appeals for the Fifth Circuit, which on January 24, 1983, rendered its opinion reversing the district court and remanding the case. 696 F.2d

351 (5th Cir.1983). A writ of certiorari was granted, and on May 21, 1984, the Supreme Court of the United States affirmed the reversal and remand of this case to this court. *Kirby Forest Industries v. United States*, 467 U.S. 1, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984). The case was transferred to this court on September 30, 1985.

Thereafter, on October 22, 1985, the court received a joint letter from counsel for Kirby and the Government concerning the case, and requesting a conference in chambers with this court concerning the further handling and trial of the issues of the case. Counsel for Kirby stated "that there are several options available for the disposition of the case now that it is back in the District Court as a pending matter."

The court granted the request and discussed with counsel the possible courses open for re-trial of the numerous issues. The requested conference was scheduled for January 3, 1986. The court indicated it was not certain how the case was to be tried, whether before the "old" Commission, a new Commission, or in the District Court. However, this judge was hospitalized from December 27, 1985 to January 6, 1986, and the attorneys held their conference before the Honorable Earl S. Hines, United States Magistrate, on January 2, 1986.

At that conference, various methods were discussed for retrial of the matter, including reference to the same Commission (one of whose members no longer served), the appointment of a new Commission, trial before a Magistrate, or trial before the District Court either with or without the aid of a jury. The parties could not agree, and the Magistrate forwarded his report to this court. Despite the various options set forth by the Magistrate in his report of January 27, 1986, Kirby did not seek a jury or file a motion under 71A(h), FED.R.CIV.P.

As early as December 1985, the court, in a telephone conference with Kirby's counsel, indicated there was a strong probability of a trial in the United States District Court, and this was discussed with Kirby's counsel as a suggested procedure.

On January 31, 1986, counsel for the United States wrote Magistrate Hines, with a copy to Kirby's counsel, that the Government contended that the "Big Thicket Commission ... is not the best forum to retry all or part of this case ..." Again, despite these various communications, the landowner made no effort to seek a jury trial.

Until May 6, 1986, Kirby made no effort, demand, or even a mere suggestion that it desired a trial by jury. This, despite on at least two other occasions the court conferred with Kirby's Houston attorney by telephone concerning the case, the scheduling, trial dates, trial forum and other matters, including whether the case would be tried by the District Court.

Despite the fact that Kirby and its attorneys knew for a number of months of this court's likely intention to try the case as an ordinary civil action, instead of referral to a commission, the May 6, 1986, motion filed pursuant to Rule 71A(h) is the first indication that Kirby has even hinted it desired a jury trial.

Rule 71A, FED.R.CIV.P., *Condemnation of Property*, states:

The Rules of Civil Procedure for the United States District Courts *govern the procedure for the condemnation of real and personal property* under the power of eminent domain, except as otherwise provided in this rule.

Rule 71A(h) provides:

... [B]ut if there is no such specially constituted tribunal any party may have a trial by jury of the issue of just compensation *by filing a demand therefor within the time allowed for answer* or within such further time as the court may fix ...

Rule 38(b), FED.R.CIV.P., provides:

Any party *may demand a trial by jury* of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at *any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.* (emphasis added)

The last pleading directed to "such issue," i.e., "just compensation" to the landowner, was filed September 21, 1978. It was and is the only pleading directed to the issue of just compensation.

In either February or early March, 1986, the court informally told the attorneys that it was the court's intention to try this case in the United States District Court, and not before the Big Thicket Condemnation Commission which had heard this case over six years ago.

Because of the litigation's history, complexity and problems as outlined in the three reported opinions above referred to, the court finds that justice would be best served by a trial on the merits in a United States District Court. This information was made known to the parties several months prior to May 6, 1986. A pretrial order was filed on April 28, 1986, and contained no references to a Commission hearing, a jury trial, or a non-jury trial.

The court holds that under all of the circumstances, eight years is too long to wait to demand a jury trial, and therefore, the defendant's motion is DENIED.