951 F.2d 364
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
79.36 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF PIMA,
STATE OF ARIZONA; Caruso's Restaurant, Inc., and
Unknown Owners, Defendants-Appellants.
 No. 90-15779.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1991.
Decided Dec. 20, 1991.
 
 Before BRUNETTI and RYMER, Circuit Judges, and SHANSTROM*, District Judge.
 MEMORANDUM**
 In a condemnation action, the government moved to strike defendant landowner's demand for jury trial as untimely. The district court granted the motion, and just compensation for the taking was determined at a bench trial. Defendant appeals from the judgment. We have jurisdiction under 28 U.S.C. § 1291, and we now reverse and remand.
 I.
 On July 9, 1986, the government filed a complaint in condemnation in federal court with respect to property owned by Caruso's Restaurant (defendant) in Pima County, Arizona. The property was sought to be acquired by means of eminent domain at the request of the Department of the Interior, Bureau of Reclamation, as a right-of-way for the Central Arizona Project. On August 4, the government mailed defendant a copy of the notice of condemnation. Defendant signed the notice and acknowledgment on August 18, and a copy was filed with the district court on August 29. On September 26, defendant filed a general appearance and a demand for jury trial.
 On February 17, 1989, the government filed a motion to strike defendant's jury demand as untimely. Defendant moved to strike the motion to strike on March 10. The government's motion was granted on April 11; no action was taken on defendant's motion.
 A bench trial was held, and judgment was entered January 31, 1990. An amended judgment was entered May 4, 1990, and defendant timely appealed.
 II.
 The seventh amendment right to jury trial does not apply to eminent domain actions. United States v. Reynolds, 397 U.S. 14, 19 (1970); Bauman v. Ross, 167 U.S. 548, 593 (1896); United States v. Deist, 442 F.2d 1325, 1326-27 (9th Cir.1971); Gila River Ranch v. United States, 368 F.2d 354, 357 (9th Cir.1966). The right to trial by jury in an eminent domain action is governed by Fed.R.Civ.P. 71A(h), which allows a party to demand a jury trial "within the time allowed for answer"; an answer to the complaint must be served "within 20 days after the service of notice upon the defendant." Fed.R.Civ.P. 71A(e).
 We have in the past refused to construe the failure to demand a jury in a condemnation action as an absolute bar on the discretion of the district court to set a case for jury trial. See United States v. 422,978 Square Feet of Land, 445 F.2d 1180, 1183 n. 4 (9th Cir.1971) (finding "sufficient compliance" with Rule 71A where demand for jury was made 63 days after service of notice and government did not object to the demand); see also United States v. 2175.86 Acres of Land, 635 F.Supp. 705 (E.D.Tex.1986) (demand for jury trial properly denied when made for the first time eight years after condemnation action began, despite numerous opportunities to make demand).
 Defendant argues, and the government does not dispute, that service of process was not properly accomplished. Fed.R.Civ.P. 71A(d)(3) requires that notice of condemnation be personally served; service by publication is allowed "upon the filing of a certificate of the plaintiff's attorney stating that he believes a defendant cannot be personally served...." The government mailed the notice of condemnation to defendant on August 4, 1986. Service of process was not completed by mailing the notice to defendant.
 Despite the fact that service had not been completed, the defendant made its appearance and demanded a jury trial on September 26, 1986. Defendant failed to object to the sufficiency of process or service of process below, see Guardian Title Co. v. Sulmeyer, 417 F.2d 1290, 1291 (9th Cir.1969), and waived any claim to object to the manner or method of service. See Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986), amended 807 F.2d 1514 (9th Cir.), cert. denied 484 U.S. 870 (1987). We refuse to hold, however, that a defendant in a condemnation action may preempt its own claims that service was insufficient or improper by making a premature demand for a jury trial. Therefore, we do not accept the government's argument that the defendant's response to the improper service of the notice of condemnation makes defendant's jury demand untimely.
 Further, the untimeliness of a jury demand is not a jurisdictional issue which may be raised at any time. See 9 Wright & Miller, Federal Practice and Procedure § 2322 n. 69 (1971) (claim of improper grant or denial of jury trial demand cannot be considered on appeal if not raised below) (citing Simpson v. Union Oil Co. of Cal., 411 F.2d 897, 900 (9th Cir.), rev'd on other grounds, 396 U.S. 13 (1969)). Therefore, we next address defendant's argument that the government's motion to strike the demand for jury trial as untimely was itself untimely.
 III.
 Defendant first demanded a jury trial on September 26, 1986, in connection with its general appearance. The government never filed an objection to this demand. The district court granted the demand in an order filed on May 5, 1987. The government did not object to this order, and did not attempt to seek reconsideration from the district court. No objection to the demand for or order of a jury trial is noted in the minute order of the pretrial conference held January 23, 1989.
 The pretrial order, which was signed by the United States Attorney for the government, notes that, although the demand was untimely, it was granted by the district court. Our review of the record indicates that no motion or other document had raised the issue of an untimely jury demand prior to the mention of this possible deficiency in the pretrial order. The pretrial minute order also noted that the deadline for filing pretrial motions was to be February 17. Nowhere in the record is there any evidence that the government had objected to the demand for jury trial or raised the issue at pretrial or in any way made a motion pending or contemplated by the minute order.
 It was not until February 17, 1989, over two years and four months after defendant's initial demand for a jury trial, less than two months before the scheduled trial date, and after the government had signed the pretrial order that set the case for jury trial that the government raised the issue of untimeliness in defendant's jury demand.
 The government failed to act within a reasonable amount of time, and its delay in objecting to defendant's demand for jury trial until the very eve of the trial is inexcusable. The defendant had prepared its case to be presented to a jury, and was denied that right at the last minute. The pretrial order indicates that the defendant had organized its trial strategy contemplating that the case would be tried to a jury rather than the judge. The extensive witness and exhibit lists are evidence of defendant's plan to conduct the case in a manner that would not be coincident with a bench trial.
 Our review of the record in this case[1] leads us to conclude that the district court erred in striking defendant's demand for jury trial.
 IV.
 Defendant argues that the notice of condemnation violates due process by misleading landowners into waiving their rights to jury trials in eminent domain cases. Defendant never raised this issue before the district court. As a general rule, we will not consider issues raised for the first time on appeal. See United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). Therefore, we decline to consider defendant's due process argument.
 REVERSED AND REMANDED.
 
 
 1
 RYMER, Circuit Judge, Dissenting.
 
 
 2
 I would affirm the district court's decision.
 
 
 3
 I disagree that the government waived its objection to the jury demand. The majority cites no authority for the proposition that a party is required to make a motion to strike a jury demand in a certain time. The landowners contend that the government's motion is a motion for relief from judgment under Rule 60(b), which requires such motions to be made not more than one year after the order was entered. Their reasoning is that the government's motion sought relief from the district court's pretrial order "granting" jury trial and is therefore a motion under Fed.R.Civ.P. 60(b). But Rule 60(b) only applies to final orders, and the district court's pretrial order setting a jury trial was not a final judgment.
 
 
 4
 The landowners do not cite any other applicable time limit in the Federal Rules of Civil Procedure. The government cites Rule 7, providing generally for motions, which does not contain any time limit. The district court permitted pretrial motions to be made by February 17, 1989, and the government complied with that requirement. Thus, the government's motion was timely.
 
 
 5
 Turning then to the merits, I conclude that the jury demand was untimely and was properly stricken. Rule 71A(h) requires that a jury demand in a condemnation action be made "within the time allowed for answer," and Rule 71A(e) in turn requires that an answer be served "within 20 days days after the service of notice upon the defendant." Therefore, the time for making a jury demand is 20 days after the service of notice.[1]
 
 
 6
 The landowners argue that service was never complete so that their 20-day period for making a jury demand never began to run. They challenge the sufficiency of service on two grounds: first, that only personal service, not service by mail, is allowed in condemnation actions; second, that even if service by mail is permitted, it was not complete in this case because the landowners did not timely return the acknowledgment form.
 
 
 7
 The 20-day period to answer should be counted from the date the landowners signed the acknowledgment form (August 18, 1986). See Worrell v. Goodrich Co., 845 F.2d 840 (9th Cir.1988), cert. denied, 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989). Although Worrell addresses the 20-day requirement under Rule 12(a), the same principle should apply to the 20-day requirement in Rule 71A. Because the jury demand was clearly made more than 20 days after the landowners signed the acknowledgment form, the only issue is whether the alleged lack of proper service extended the time to make the jury demand.
 
 
 8
 Any objection to the sufficiency of service was waived because it was not made within 20 days. Rule 71A(e) requires a defendant to make any objection to the taking of the property (presumably including objection to service) in an answer served within 20 days, and the Rule states that "[a] defendant waives all defenses and objections not so presented." Thus, by not objecting to service in a timely answer, the landowners waived the objection. Having waived the objection to service, the landowners remained bound to make their jury demand within 20 days of signing the acknowledgment form.
 
 
 9
 The case might be different if the landowners had never been served at all. In that case, to require the landowners, who would then have no notice of the action, to make their objection and their jury demand within 20 days would raise due process concerns. But here, the landowners had actual notice of the condemnation action on August 18, 1986, so nothing prevented them from responding within 20 days. See generally 5A Wright & Miller, Federal Practice and Procedure, § 1391, at 756-57 (1990). Similarly, the case might be different if the time to answer had been otherwise extended. Then, the time to object would, of course, also be extended. See Bechtel v. Liberty Nat'l Bank, 534 F.2d 1335, 1340-41 (9th Cir.1976).
 
 
 10
 Because none of these special circumstances exists here, I conclude that Rule 71A requires that the jury demand be made within 20 days. It was not timely made here, and therefore the district court was required to hold a bench trial. Fed.R.Civ.P. 71A(h) ("Trial of all issues shall otherwise be by the court.") (emphasis added).
 
 
 11
 Finally, I see no merit in the landowners' contention that the notice in this case violated due process because it did not make clear that the landowners had to make their jury demand within 20 days. Even assuming the landowners had a cognizable interest in Rule 71A's allowance of a jury trial, the notice clearly explained the nature of the action and the Rules clearly state that the jury demand must be made within 20 days. Nothing prevented the landowners from knowing and following the Rules.
 
 
 12
 For these reasons, I would affirm the district court's decision.
 
 
 
 *
 Honorable Jack Shanstrom, United States District Judge for the District of Montana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Entitlement to a jury trial in federal court is freely reviewable on appeal. See Churchill v. F/J Fjord, 892 F.2d 763, 769 (9th Cir.1988), cert. denied, 110 S.Ct. 3273 (1990)
 
 
 [1]
 Of course, in this case, the landowners did not serve an answer, but rather a notice of appearance, but that does not change Rule 71A(h)'s requirement that the jury demand be made within the time allowed for an answer