Steven Gilbert **TODD, et al., Plaintiffs,**

v.

**ROADWAY EXPRESS, INC.,
et al., Defendants.**

No. CIV.A. 01–A–958–N.

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 21, 2001.

Philip Henry Pitts, Rickman E. Williams, III, Pitts & Pitts, Selma, AL, for Steven Gilbert Todd, the Guardian and Conservator of Johnny Johnson, Jr., Barbara Jean Johnson, the Guardian and Conservator of Johnny Johnson, Jr., plaintiffs.

Duncan Y. Manley, M. Alex Goldsmith, Christian & Small, LLP, Birmingham, AL, for Roadway Express, Inc., Tim Wisen, defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on a Motion to Strike Jury Demand as to Punitive Damages (Doc. #14) submitted by the Defendants Roadway Express, Inc. and Tim Wisen ("Defendants"). The Plaintiffs initially filed this action in Lowndes County, Alabama alleging numerous state law claims against the Defendants. Defendants properly removed the case under 28 U.S.C. § 1441. This court retains jurisdiction on the basis of 28 U.S.C. § 1332.

For reasons to be discussed, the Motion to Strike Jury Demand is due to be DENIED.

### II. DISCUSSION

Defendants ask the court to strike the Plaintiffs' request for a possible jury determination of punitive damages. Defendants' request relies on the recent case of *Cooper Industries, Inc. v. Leatherman Tool Group Inc.*, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001). Essentially, the Defendants contend that *Cooper* held that punitive damages are not a factual matter to be determined by the jury. Def. Motion, ¶ 4. Therefore, Defendants argue,

the Plaintiffs no longer have a right to a jury trial on the issue of punitive damages and punitive damages should be determined by the court.

In *Cooper*, the Supreme Court granted certiorari to decide one question, "whether the Court of Appeals reviewed the constitutionality of the punitive damage award under the correct standard . . . ." *Cooper*, 121 S.Ct. at 1682. The Supreme Court held "that courts of appeals should apply a *de novo* standard of review when passing on district courts' determinations of the constitutionality of punitive damages awards." *Id.* at 1686–87. This is a narrow holding, however, the Defendants ask the court to extend the holding and essentially end the jury's role in the determination of punitive damages. The court declines to follow this expansive reading of *Cooper*.

Defendants have seized on several phrases in the *Cooper* opinion to provide the basis for their argument. The most important involves a quotation taken from Justice Scalia's dissent in *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).[1] In *Gasperini*, Justice Scalia stated, "[u]nlike the measure of actual damages suffered, which presents a question of historical or predictive fact, the level of punitive damages is not really a 'fact' 'tried' by the jury." *Gasperini*, 518 U.S. at 459, 116 S.Ct. 2211 (Scalia, J. dissenting) (citations omitted). The Defendants assert that the use of this phrase in *Cooper* stands for the proposition that punitive damages "should be determined as a matter of law, rather than by a jury as a matter of fact." Def. Mot. ¶ 3. The court finds that there is no support for this assertion.

In *Gasperini*, and later in *Cooper*, Justice Scalia's statement was in the context

---

1. Defendants cite several other portions of the opinion to bolster their argument, but none add any merit to the argument. *See* Def. Mot. ¶ 3.

of the application of the Reexamination Clause of the Seventh Amendment. *See Gasperini*, 518 U.S. at 459, 116 S.Ct. 2211; *Cooper*, 121 S.Ct. at 1686, n. 10, 11. The Reexamination Clause provides "the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. CONST. amend. VII. A careful reading of *Gasperini* reveals that Justice Scalia's quotation dealt exclusively with the Supreme Court's application of the phrase "no fact tried by a jury, shall be otherwise re-examined . . ." in context of the issue before the Court. *Gasperini*, 518 U.S. at 448–469, 116 S.Ct. 2211 (Scalia, J. dissenting). In *Cooper*, Justice Stevens used it for the same purpose. Consequently, the quotation, "the level of punitive damages is not really a fact tried by the jury", pertains only to the *review* of jury awards of punitive damages in relation to the Reexamination Clause of the Seventh Amendment. There is no indication that the language was intended to be construed otherwise. Implicitly, in this discussion, the Court is recognizing the fact that the jury can actually award the punitive damages to begin with. The Supreme Court's entire discussion in *Cooper* would be completely meaningless if there were no underlying jury award of punitive damages.

*Cooper* has no bearing on how punitive damages are awarded, only on how the jury's award is reviewed. Defendants' suggestion that *Cooper* means the jury should be dispensed with in the matter of punitive damages misperceives the accepted roles of the jury and the court. While the amount of punitive damages awarded was held to be "an expression of moral condemnation," (*Cooper*, 121 S.Ct. at 1683), rather than a factual determination, for purposes of appellate review, it has never been questioned that the jury determines as a fact whether punitive damages are to be assessed in some amount. Once that factual determination is made in the affirmative, the jury has a wide range within which to set an amount. The trial judge, on review in response to a constitutional challenge, then determines not what the amount of punitive damages should be in the judge's opinion to serve the ends of punitive awards, but whether the jury has set an amount that is constitutionally excessive. That is what the appellate court reviews *de novo*

Numerous appellate courts, district courts, law reviews, and other treatises have cited *Cooper* for the single proposition concerning the standard of review for an appellate court reviewing a jury award of punitive damages. *See Eg. In re Exxon Valdez*, 270 F.3d 1215 (9th Cir.2001); *Arnold v. Guideone Specialty Mut. Ins. Co.*, 142 F.Supp.2d 1319, 1321 (N.D.Ala.2001); 11 Charles Alan Wright & Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 2820 (2002). Although the Defendants assert a novel interpretation, the court finds it to be unsound and finds no court to have accepted it. It is the function of the jury to determine the amount of punitive damages once it has determined that an award of punitive damages is proper. It is the role of the court, whether trial or appellate, to determine whether the jury has set an amount which is constitutionally excessive. The court declines to extend the Supreme Court's holding in *Cooper* to mean otherwise. Thus, the Plaintiffs' jury demand is entitled to remain.

## III.  *CONCLUSION*

It is hereby ORDERED that the Defendants' Motion to Strike Jury Demand as to Punitive Damages is DENIED.