259 F.Supp.2d 952 (2003)
Jeffrey MONTGOMERY, et al., Plaintiffs,
v.
KARKUT INDUSTRIES CORP., Defendant.
No. 1::02-CV-139 CAS.
United States District Court, E.D. Missouri, Southeastern Division.
April 24, 2003.
Phillip J. Barkett, Jr., Thompson and Cook, Cape Girardeau, MO, for plaintiffs.
Joseph, Brown and James, P.C., St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on defendant Karkut Industries Corp.'s motion to strike the plaintiffs' jury demand with respect to their claim for punitive damages. Plaintiffs oppose the motion. For the following reasons, the Court will deny the motion to strike.

Background.
Plaintiffs Jeffrey and Sherry Montgomery filed this action in May 2002, in the Circuit Court of Scott County, Missouri. Defendant removed the action on the basis of diversity jurisdiction in October 2002. The petition alleges that Jeffrey Montgomery was seriously and permanently injured in July 2000 by a "Roll In Saw" designed, manufactured and distributed by defendant. Plaintiffs allege the saw was in a defective condition and unreasonably dangerous when designed, manufactured and distributed, and that defendant was negligent, in that: (1) the saw was not reasonably safe for its intended use, (2) defendant failed to provide a guard or other type of covering for the blade to prevent injury, (3) defendant failed to provide an adequate method to hold stock in place during the saw's use, (4) defendant failed to give an adequate warning of the danger inherent in operating the saw in the manner intended, and (5) defendant failed to give proper warning and instruction for operation of the saw. Plaintiff Sherry Montgomery asserts a claim for loss of consortium.
Defendant moves the Court to strike plaintiffs' request for a jury determination of punitive damages. Defendant argues *953 that in light of recent Supreme Court precedent, plaintiffs are not entitled to have their punitive damage claim tried by a jury. Defendant also argues that plaintiffs' petition does not state a claim for punitive damages and violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs oppose the motion, arguing that defendant seeks to make an improper and unwarranted extension of Supreme Court precedent.

Discussion.
Defendant relies on the United States Supreme Court's decision in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S.. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001). Defendant contends that Cooper Industries established a rule that punitive damages should be determined as a matter of law, and are not a true "fact"to be found by a jury. Defendant asserts that as a result, that plaintiffs are not entitled to a jury trial on the issue of punitive damages. In support of its contention, defendant points to language in Cooper Industries that a jury's award of punitive damages does not constitute a "finding of fact." This language is taken from Justice Scalia's dissent in another case, Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 459, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996), which states, "Unlike the measure of actual damages suffered, which presents a question of historical or predicative fact, ... the level of punitive damages is not really a `fact' `tried' by the jury." Cooper Industries, 532 U.S. at 437, 121 S.Ct. 1678 (quoting Gasperini 518 U.S. at 459, 116 S.Ct. 2211) (Scalia, J., dissenting) (internal citations omitted).
A reading of Cooper Industries and Gasperini however, shows that the quoted statement concerns the "re-examination clause" of the Seventh Amendment. The re-examination clause "provides that `no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.'" Grabinski v. Blue Springs Ford Sales, Inc., 136 F.3d 565, 572 (8th Cir.1998) (quoting U.S. Const, amend. VII, cl. 2), aff'd in part, rev'd in part, 203 F.3d 1024 (8th Cir.), cert, denied, 531 U.S. 825, 121 S.Ct. 70, 148 L.Ed.2d 35 (2000). In this context, the quotation in Gasperini applies only to the judicial review of jury awards of punitive damages, and does not forbid a jury from making such awards.
Similarly, the Cooper Industries decision addressed the re-examination clause and, in particular, the correct standard of appellate review over a district court's determination whether a jury's award of punitive damages comports with constitutional standards. See 532 U.S. at 431-32, 121 S.Ct. 1678. Only facts tried by juries are subject to the re-examination clause and thus cannot be re-examined by federal courts. Nonetheless, in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), the Supreme Court held that a "grossly excessive" punitive damage award can violate due process. See Grabinski 136 F.3d at 571. The Supreme Court adopted the view that the amount of punitive damages awarded by a jury was not a "fact," thus facilitating federal court review of such awards to determine if they pass constitutional muster. Cooper Industries holds that "courts of appeals should apply a de novo standard of review when passing on district courts' determinations of the constitutionality of punitive damage awards." Id, 532 U.S. at 436, 121 S.Ct. 1678.
Implicit in these Supreme Court decisions is the principle that punitive damage awards are to be imposed by juries. Once a jury has made a punitive damage award, the district court may review its constitutionality. Cooper Industries establishes that when an appellate *954 court reviews a district court's determination concerning the constitutionality of a particular punitive damage award, a de novo standard of review applies. The language relied on by defendant, that the amount of a punitive damage award is not a fact tried to a jury, is a predicate finding necessary to permit constitutional review of the amount of punitive damage awards. This finding does not extinguish the jury's ability to make a punitive damage award. The jury must still make a factual determination that punitive damages are warranted, and the amount of such damages.
Defendant's argument is completely undercut by the Supreme Court's recent decision in State Farm Mutual Automobile Insurance Company v. Campbell,  U.S. ___, 123 S.Ct, 1513, 155 L.Ed.2d 585, 71 U.S.L.W. 4282 (2003) ("State Farm "). In State Farm, the Supreme Court held that a state court jury's award of $145 million in punitive damages on a $1 million compensatory judgment violated due process. The Court stated, "We recognized in [Cooper Industries ] that in our judicial system compensatory and punitive damages, although usually awarded at the same time by the same decisionmaker, serve different purposes." ___ U.S. at ___, 123 S.Ct. 1513, 71 U.S.L.W. at 4284. This statement implies that the award of punitive damages will normally be made by a jury. Moreover, if Cooper Industries stood for the proposition argued by defendant, the Supreme Court would have overturned the punitive damage award on the basis that it was improper for the jury to make the award at all, not that it was excessive.
In State Farm, the Supreme Court cited Cooper Industries primarily for the proposition that appellate courts must apply de novo review in evaluating a trial court's determination whether punitive damages violate due process, to ensure that punitive damage awards are not based on "a decisionmaker's caprice." ___ U.S. at ___ _ ___, 123 S.Ct. 1513, 71 U.S.L.W. at 4284-85 (quoting Gore, 517 U.S. at 587, 116 S.Ct. 1589). The Eighth Circuit Court of Appeals has not addressed the issue presented by defendant's motion, but Eighth Circuit cases cite Cooper Industries in the same manner: for the proposition that an appellate court is to conduct a de novo review of a district court's determination of the constitutionality of a punitive damage award. See Salitros v. Chrysler Corp., 306 F.3d 562, 576 (8th Cir.2002); Ross v. Kansas City Power & Light Co., 293 F.3d 1041, 1048 (8th Cir.2002); Callantine v. Staff Builders, Inc., 271 F.3d 1124, 1133 (8th Cir.2001); In Re Kujawa, 270 F.3d 578 (8th Cir.2001); Foster v. Time Warner Entertainment Co., L.P., 250 F.3d 1189, 1194 (8th Cir.2001).
This Court has previously decided that the argument defendant asserts is "erroneous." See Tinker v. Leyman Mfg. Corp., No. L02-CV-110 LMB (Mem. and Order of Apr. 16, 2003). This decision is in accord with other federal district courts which had considered the issue. In Todd v. Roadway Express, Inc., 178 F.Supp.2d 1244, 1245-46 (M.D.Ala.2001), the defendants filed a motion to strike the plaintiffs jury demand on a claim for punitive damages, also relying on Cooper Industries. The district court held that defendants' motion was without merit and that plaintiffs were entitled to have the jury determine punitive damages, stating:
It is the function of the jury to determine the amount of punitive damages once it has determined that an award of punitive damages is proper. It is the role of the court, whether trial or appellate, to determine whether the jury has set an amount which is constitutionally excessive. The court declines to extend the Supreme Court's holding in Cooper to mean otherwise.
*955 Id. at 1246; see also Hartford Fire Ins. Co. v. First Nat'l Bank of Atmore, 198 F.Supp.2d 1308, 1310 (S.D.Ala.2002) (denying motion to strike jury demand on claim for punitive damages based on Cooper Industries; court concluded whether Seventh Amendment right to trial by jury attaches does not depend on whether a "fact" is involved, but on whether a "suit at common law" is involved).
This Court again declines to interpret Cooper Industries in the manner proposed by defendant. As stated above, the Supreme Court's decision in State Farm makes clear that defendant's argument proposes an unwarranted extension of Cooper Industries, and is without merit.
Defendant's second basis for its motion to strike, that plaintiffs' petition does not state a claim for punitive damages and violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution, should be denied. It does not appear from the face of the petition that punitive damages are legally unavailable under the applicable law. Defendant's constitutional objections are more properly directed to the proportionality or excessiveness of any punitive damage award ultimately imposed, and are therefore premature.

Conclusion.
For the foregoing reasons, the Court finds defendant's interpretation of the Cooper Industries decision unpersuasive. It remains a jury function to determine whether a plaintiff is entitled to an award of punitive damages, and to decide the amount of that award. The Court also finds that defendant's other arguments are without merit. Defendant's Motion to Strike Jury on Claim for Punitive Damages should therefore be denied.
Accordingly,
IT IS HEREBY ORDERED that defendant Karkut Industries, Inc.'s Motion to Strike Jury on Claim for Punitive Damages is DENIED. [Doc. 8]